UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRENDA CONGDON,

    Plaintiff,

    v.

WELLS FARGO BANK, N.A. SUCCESSOR BY MERGER WITH WACHOVIA MORTGAGE, FSB; FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB ITS SUCCESSORS AND/OR ASSIGNS,

    Defendants.

Case No. C16-1629RSL

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

## I. INTRODUCTION

Before the Court are defendant's motion to dismiss plaintiff's first amended complaint under Rules 12(b)(6) and 12(b)(7) (Dkt. #19) and defendant's requests for judicial notice (Dkt. #9 and #20).

For the reasons set forth below, the Court grants the motion to dismiss, grants defendant's first request for judicial notice, and denies the second.

## II. BACKGROUND

Taking the factual assertions, but not legal conclusions, presented in plaintiff's first

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS- 1

amended complaint[1] as true, plaintiff refinanced her single-family residence in August 2007 with World Savings Bank (WSB). Dkt. #10 at 5. On September 2, 2016, plaintiff sent a communication to Wells Fargo, WSB's apparent successor-in-interest and servicer of her loan.[2] Dkt. #10 at 6. The communication is a twenty-page letter with numerous requests for various documents related to, among other topics, the initial agreement between plaintiff and WSB and later payments and adjustments to the account. Dkt. #12. Plaintiff mailed a notice of recission to defendant on September 29, 2016. Dkt. #13 at 2, 4. Plaintiff's notice contends it cancels the August 2007 agreement and demands treble damages. Dkt. #13 at 2. Plaintiff's complaint asserts the mailing of the notice triggers statutory provisions that return plaintiff and defendant to their positions before the agreement between plaintiff and WSB. Dkt. #10 at 9.

Plaintiff's amended complaint raises four causes of action. First, plaintiff seeks declaratory relief under the federal Truth in Lending Act (TILA) that as a result of her notice of recission and defendant's failure to properly respond to it, defendant "does not have any rights or interest in Plaintiff's Note and Deed of Trust, or the Property which authorized them, in fact or as a matter of law to enforce the terms of the Note and Deed of Trust in any matter whatsoever." Dkt. #10 at 15-19, ¶¶ 1-21. Plaintiff also alleges that under the federal Real Estate Settlement Procedures Act (RESPA), defendant's purportedly inadequate response to her request for information entitles her to "statutory damages, civil liability, penalties, attorney's fees and actual damages." Dkt. #10 at 20, ¶ 27. Plaintiff also asks for cancellation of all instruments and for an

---

[1] Plaintiff filed an initial complaint in October 2016. Dkt. #1. Defendant filed a motion to dismiss (Dkt. #8) with a request for judicial notice of various documents (Dkt. #9). Plaintiff timely filed an amended complaint without responding to the motion to dismiss. This order treats the amended complaint as the operative complaint. See Northstar Financial Advisors Inc. v. Schwab Investments, 779 F.3d 1036, 1044-45 (9th Cir. 2015).

[2] Plaintiff also claims that Wells Fargo is not the true beneficiary of her debt obligation. Her claim states that WSB transferred her obligation to the REMIC Trust, but that the trust "had a closing date" shortly after she refinanced and before Wells Fargo acquired Wachovia in 2008. Dkt. #10 at 6.

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS- 2

accounting of the money allegedly wrongfully paid to defendant.  Dkt. #10 at 20-22, ¶¶ 29-50 (¶¶ 36-47 are missing, but page numbers are sequential).  Defendant moved to dismiss the first amended complaint.  Dkt. #19.

## III. ANALYSIS

### A. Failure to State a Claim

Dismissal under Rule 12(b)(6) is appropriate if a pleading "does not allege enough facts to state a claim to relief that is plausible on its face." Ebner v. Fresh, Inc., 838 F.3d 958, 962-63 (9th Cir. 2016) (internal brackets omitted).  The Court accepts "all factual allegations in the complaint as true and constru[es] them in the light most favorable to the nonmoving party." Id. at 962.  The inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 963 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)).

### 1. Documents Considered

The Court's review under Rule 12(b)(6) is generally limited to the pleadings.  See United States v. Corinthian Colleges, 655 F.3d 984, 998-99 (9th Cir. 2011).  If matters outside the pleadings are considered, the motion is converted into one for summary judgment.  Fed. R. Civ. P. 12(d).  However, the Court can consider three types of extrinsic evidence without converting a Rule 12(b)(6) motion into a motion for summary judgment.  See Corinthian Colleges, 655 F.3d at 999.  First, the Court may take judicial notice of evidence that is  "not subject to reasonable dispute" because it is "generally known" or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b); Corinthian Colleges, 655 F.3d at 999.  A second exception allows for consideration of documents attached to the complaint.  See Corinthian Colleges, 655 F.3d at 999.  The third exception permits "evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." Id.

1    Plaintiff refers to three documents in her complaint, including a copy of the Deed of Trust
2 securing the initial agreement with WSB in August 2007 (Dkt. #11), a copy of the letter she
3 mailed to defendant requesting various documents and information (Dkt. #12), and a copy of the
4 letter she sent notifying defendant of her intent to rescind the agreement (Dkt. #13).  The Court
5 will consider all three.
6    In support of its motion to dismiss the initial complaint (Dkt. #8), defendant requested
7 judicial notice of numerous documents (Dkt. #9).  Defendant asserts copies of the Deed of Trust,
8 a Quit Claim Deed transferring the property to the Geraldine G. Congdon Trust in August 2007,
9 and a Notice of Trustee's Sale from June 2016 are official records whose authenticity is capable
10 of accurate and ready determination.  Dkt. #9 at 3.  Defendant further encourages the Court to
11 take notice of the following as copies of documents reflecting official acts of government
12 officials: a Certificate of Corporate Existence from the Office of Thrift Supervision for WSB; a
13 letter from the Office of Thrift Supervision to WSB reflecting WSB's change of name to
14 Wachovia Mortgage; a copy of Wachovia Mortgage's charter; a November 2009 letter certifying
15 Wachovia Mortgage's conversion to Wells Fargo Bank Southwest and its merger with Wells
16 Fargo Bank, NA; and a printout from the FDIC's website detailing the history of Wachovia
17 Mortgage from 1987 to 2010.  Dkt. #9 at 3-4.  Finally, defendant requests judicial notice of a
18 copy of the Adjustable Rate Mortgage Note under the third exception.  Dkt. #9 at 3.  After
19 moving to dismiss the amended complaint, defendant made a supplemental request for judicial
20 notice (Dkt. #20) of copies of letters purportedly sent from defendant to plaintiff after her letter
21 of September 2, 2016.  Defendant argues these fall into the third exception.  Dkt. #20 at 2.
22    Besides a passing reference to Rule 12(d)'s mandate, Dkt. #21 at 3-4, plaintiff did not
23 mention either request for judicial notice in her response to defendant's motion to dismiss the
24 first amended complaint.
25    The Court takes notice of all of the documents offered by defendant except the two letters
26 from defendant to plaintiff offered in the supplemental request.  See Ambers v. Wells Fargo

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS- 4

Bank, N.A., No. C13-03940NC, 2014 WL 883752 (N.D. Cal. March 3, 2014) (taking notice of similar documents). Plaintiff's complaint alleges defendant never responded to her September 2, 2016 letter. Dkt. # 10 at 6. The Court cannot conclude the parties agree on the authenticity of the letters and finds judicial notice of them to be inappropriate.

**2. Truth in Lending Act (TILA)**

TILA provides a right of recission for certain borrowers who use their residence to secure credit. 15 U.S.C. § 1635(a). This right is available until the later of (1) three days after the parties consummate their deal or (2) the lender makes all required disclosures. Id. Except in specific circumstances not present here, a borrower may not exercise her right to rescind after the earlier of (1) the sale of the property or (2) three years from the date of the loan's consummation. 15 U.S.C. § 1635(f). The right expires even if a lender has not made all of its required disclosures. Id. When a recission is effective, a lender must return any payments made and "shall take any action necessary or appropriate to reflect the termination of" the transaction. 15 U.S.C. § 1635(b).

Plaintiff argues that her letter of September 27, 2016, rescinds her obligation to defendant as a matter of law. Dkt. #21 at 5. She relies on Jesinoski v. Countrywide Home Loans, Inc., 135 S. Ct. 790 (2015), for the proposition that she need not file a suit to invoke her right to recission. This is correct, but beside the point, given the statute's limitation on *when* that right may be invoked. At the *latest*, a borrower may rescind three years after the consummation of the loan. See Jesinoski, 135 S. Ct. at 792; 15 U.S.C. § 1635(f). As plaintiff's complaint asserts that the agreement at issue was made in August 2007, her ability to rescind would have expired in August 2010 at the latest.[3] See McOmie-Gray v. Bank of America Home Loans, 667 F.3d 1325, 1328-29 (9th Cir. 2015) (holding the three-year statute of repose is an "absolute limitation" on

---

[3] A Quit Claim Deed submitted by defendant indicates the property was conveyed to the Geraldine G. Congdon Trust in August 2007 for no consideration. If this is a sale under RESPA, it would extinguish any right to rescind at the date of sale. Dkt. #9-8 at 2.

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS- 5

recission actions).  Her September 2016 letter ostensibly rescinding the agreement did not trigger any obligations on the part of defendant.  Plaintiff's TILA claim is time-barred.  Given the recission was not effective under TILA, plaintiff cannot state a claim, as a matter of law, for damages from defendant's refusal to rescind the agreement.

**2. Real Estate Settlement Procedures Act (RESPA) Claim**[4]

      RESPA empowers borrowers to request "information relating to the servicing of [a] loan" from a mortgage servicer.  12 U.S.C. § 2605(e)(1)(A).  When a borrower provides a "qualified written request" (QWR) to the servicer, the servicer must acknowledge the QWR within five days and substantively respond within thirty.  12 U.S.C. § 2605(e)(1)-(2).  A QWR is a written correspondence that "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower."  12 U.S.C. § 2605(e)(1)(B).  A servicer's substantive response must provide contact information for someone who can assist the borrower and inform the borrower why there is no error, why the requested information is unavailable, or what appropriate corrections have been made to the account.  12 U.S.C. § 2605(e)(2).  At receipt of a QWR, the servicer "may not provide information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency."  12 U.S.C. § 2605(e)(3).

      If a servicer fails to abide by RESPA's requirements, an individual may recover actual damages, additional damages of up to $2,000 in certain circumstances, and costs.  12 U.S.C. § 2605(f)(1), (3).  Damages are a necessary element of a RESPA claim.  See, e.g., Kitty Yinling Zhang v. Countrywide Home Loans, Inc., 601 F. App'x 567 (9th Cir. 2015).

---

    [4] Plaintiff's complaint alleges defendant violated both the RESPA statute and its implementing regulation, commonly called Regulation X.  12 C.F.R. §§ 1024 et seq.  Specifically, plaintiff asserts the failure to respond violated "Section 6" of RESPA at 12 U.S.C. § 2605 and "Section 6" of Regulation X.  Dkt. 10 at 19-20, ¶ 26.  12 C.F.R. section 1024.6 addresses a special disclosure requirement by lenders to loan applicants.  Because the statute defines the rights associated with a qualified written request and a remedy for violation, the Court limits its analysis to the statutory scheme.

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS- 6

**a. Sufficiency of Plaintiff's Qualified Written Request**

Defendant characterizes plaintiff's September 2, 2016 letter as "190 stock requests for information which did not contain specific information as to why her account was in error." Dkt. #19 at 9. Plaintiff contends the letter is a QWR, and that it need not indicate the writer believes an error has occurred, but need only state with sufficient detail other information sought. Dkt. #21 at 10-11.

Besides broad allegations of misdeeds in the mortgage industry, plaintiff's letter contains no indication that plaintiff believed there was an error in her account. She did, however, clearly identify documents and categories of documents (i.e., "other information" in the parlance of § 2605(e)(1)(B)) that she sought from the servicer. Courts in this district disagree on whether a request for documents or information regarding the servicing of a loan constitutes a QWR in the absence of a claim of error. Compare Eifling v. Nat'l City Mortg., C10-5713RBL, 2011 WL 893233 at *2-3 (W.D. Wash. Mar. 15, 2011) (a defaulted borrower's written inquiry regarding late fees and charges coupled with a request for 22 categories of documents is not the type of request RESPA was designed to cover) and Moon v. GMA Mortg. Corp., C08-969TSZ, 2009 WL 3185596 at *4 (W.D. Wash. Oct. 2, 2009) (a widow's written request for copies of "all the loan documents" is a QWR).

Courts may be concerned that borrowers who have defaulted on their loans could flood their lenders with sweeping and frivolous requests in the hope a technical violation will provide the borrower some sort of windfall. RESPA has built-in procedures and requirements that will, for the most part, forestall the feared flood. A request for documents must be specific and it must relate to the servicing of the loan.[5] Assuming a proper request is made, the lender's failure to appropriately respond does not provide grounds for rescinding the agreement, but merely

---

[5] "Servicing" is defined in the statute as "receiving any scheduled periodic payment from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS- 7

gives rise to a claim for actual damages (unless the violations amount to a pattern and practice, in which case statutory damages may be available). The upside of filing unnecessary QWRs is therefore rather limited. RESPA was enacted in part to promote the free flow of information between lenders and borrowers. See 12 U.S.C. § 2601(a). Congress specifically determined what was and was not a "qualified written request" that would trigger the lender's duty to respond. If the requirements established by law are met, the lender has a statutory duty to act, and the courts should not second-guess the wisdom of the legislature's policy choice. While lenders may be justified in ignoring portions of a borrower's request that are unrelated to the servicing of a loan, they may not refuse to respond to inquiries or portions thereof that go the heart of RESPA.

In this case, plaintiff's request was not made on a payment coupon or other payment medium supplied by the lender or servicer. The letter provided plaintiff's name and loan number and requested voluminous records, at least some of which relate to the servicing of plaintiff's loans. See, e.g., Dkt. #12 at 7, ¶ 16. Because 12 U.S.C. § 2605(e)(1)(B)(ii) is written in the disjunctive, plaintiff was not required to state reasons why her account was in error. The provision of sufficient detail to the lender regarding the "other information" she sought satisfies the final requirement of QWRs for purposes of RESPA.

**b. Damages**

Plaintiff must show damages to state a RESPA claim. Krasucki v. Nationstar Mortgage, LLC, C15-0229JLR, 2015 WL 11251850 at *4 (W.D. Wash. July 8, 2015). In her complaint, plaintiff alleged defendant's "failure to make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of the correction and failure to protect Plaintiff's credit rating . . . by furnishing adverse information regarding the ownership of Plaintiff's debt obligation and regarding payment to credit reporting agencies." Dkt. #10 at 20, ¶ 26. Plaintiff also claims her "pecuniary damages include, but are not limited to, the over calculation and overpayment of

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS- 8

1  interest on Plaintiff's loan, the costs of repairing Plaintiff's credit, the reduction and/or
2  elimination of Plaintiff's credit limits, costs associated with removing the cloud on her property
3  title and attorneys' fees, if any, and cost[s] . . . in excess of $75,000." Dkt. #10 at 30, ¶ 27.

4  Defendant argues plaintiff failed to plead damages from the alleged RESPA violation.
5  Dkt. #19 at 16-17.  Specifically, defendant asserts "[a]llegations that a plaintiff suffered actual
6  damages in higher payments and interest for wrongful continued credit reporting while the QWR
7  was pending unresolved" are insufficient.  Dkt. #19 at 17.  Plaintiff asserts she has suffered
8  "pecuniary damages that include costs related to damage to Plaintiff's credit." Dkt. #21 at 11.

9  Plaintiff's allegations of damages are legally and factually insufficient.  Plaintiff's
10 complaint does not identify a causal link between the alleged RESPA violation and her alleged
11 financial losses.  Assuming defendant did not respond, plaintiff does not make clear how that
12 affected her credit history or caused any financial loss.  Neither has plaintiff pleaded facts
13 allowing an inference that her account was in error or that defendant disclosed any overdue
14 payment to a consumer reporting agency in the relevant period.  Finally, a purported failure to
15 respond to one letter does not adequately plead a pattern or practice of RESPA noncompliance
16 entitling plaintiff to statutory damages.  Plaintiff's RESPA claim must be dismissed.

17 **3. Cancellation of Instruments and Accounting Claims**

18 Plaintiff seeks a declaratory judgment that defendant has no interest in the property
19 secured by the August 2007 loan.  Dkt. #10 at 14-16, ¶¶ 1-6.  In addition to her alleged TILA
20 recission, plaintiff's complaint asserts defendant "is not the true beneficiary of her debt
21 obligation and [plaintiff] was not and still has not been informed of their identity." Dkt. #10 at
22 6; see also Dkt. #21 at 4.  She alleges defendant "has not perfected its security interest through
23 valid assignments." Id.  Further, she alleges "years" of mortgage payments to defendant were
24 the result of fraud.  Dkt. #10 at 21-22, ¶¶ 35, 48.  Plaintiff has not provided sufficient facts to
25 support her claim that she paid money to defendant in error, let alone that such a payment
26 resulted from fraud or wrongdoing.

27

28 ORDER GRANTING DEFENDANT'S
   MOTION TO DISMISS- 9

## B. Failure to Join a Required Party

Defendant also moves to dismiss the claims under Rule 12(b)(7), which allows for dismissal when a party fails to join a required party under Rule 19. Dkt. #19 at 19-21. Because Rule 12(b)(6) allows for dismissal of plaintiff's claims, the Court does not reach the issue of whether the other parties must be joined in further proceedings.

## IV. REMEDY

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court concludes that plaintiff cannot cure the defect in her TILA claim and dismisses the claim and any deriviative claims with prejudice. To the extent plaintiff can colorably and sufficiently plead an accounting and/or cancellation of instruments action without relying on TILA, those claims are dismissed without prejudice. The Court dismisses the RESPA claim without prejudice.

If plaintiff can, consistent with her Rule 11 obligations,[6] amend her complaint to remedy the deficiencies identified in this order, she may file a motion to amend and attach a proposed pleading for the Court's consideration by Friday, March 17, 2017.

## V. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the first amended complaint (Dkt. #19) is GRANTED. Defendant's first motion to dismiss (Dkt. #8) is DENIED AS MOOT. Defendant's first request for judicial notice (Dkt. #9) is GRANTED. Defendant's second request for judicial notice (Dkt. #20) is DENIED.

---

[6] The Federal Rules of Civil Procedure and this district's Local Civil Rules can be found at http://www.uscourts.gov/RulesAndPolicies/rules/current-rules.aspx and http://www.wawd.uscourts.gov/local-rules-and-orders, respectively. Although plaintiff is proceeding pro se in this litigation, she is expected to comply with all applicable rules.

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS- 10

1  Dated this 17th day of February, 2017.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS- 11