# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

BRENDA CONGDON,

    Plaintiff,

v.

WELLS FARGO BANK, N.A. SUCCESSOR BY MERGER WITH WACHOVIA MORTGAGE, FSB; FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB ITS SUCCESSORS AND/OR ASSIGNS,

    Defendants.

Case No. C16-1629RSL

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

## I. INTRODUCTION

This matter comes before the Court on plaintiff's motion for leave of the Court to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15. Dkt. #25-2. For the reasons set forth below, the plaintiff's motion is DENIED.

## II. BACKGROUND

Plaintiff's first amended complaint raised four causes of action. First, plaintiff sought declaratory relief under the federal Truth in Lending Act (TILA) that, as a result of her notice of rescission and defendant's failure to properly respond to it, defendant Wells Fargo Bank, N.A. (Wells Fargo), "does not have any rights or interest in Plaintiff's Note and Deed of Trust, or the Property which authorized them, in fact or as a matter of law to enforce the terms of the Note

ORDER DENYING PLAINTIFF'S
REQUEST FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT- 1

and Deed of Trust in any matter whatsoever." Dkt. #10 at 15-19, ¶¶ 1-21. Plaintiff also alleged that under the federal Real Estate Settlement Procedures Act (RESPA), Wells Fargo's purportedly inadequate response to her request for information entitles her to "statutory damages, civil liability, penalties, attorney's fees and actual damages." Dkt. #10 at 20, ¶ 27. Plaintiff also asked for cancellation of all instruments and for an accounting of the money allegedly wrongfully paid to Wells Fargo. Dkt. #10 at 20-22, ¶¶ 29-50 (¶¶ 36-47 are missing, but page numbers are sequential)

Upon Wells Fargo's motion to dismiss, the Court dismissed the TILA rescission claim with prejudice and dismissed plaintiff's three other claims without prejudice subject to a motion to amend. The Court found that the RESPA claim failed to allege legally and factually sufficient damages, and that the cancellation of instruments and accounting claims failed for being based on the TILA rescission theory. The Court instructed Plaintiff to file a second motion to amend her complaint in order to remedy its deficiencies. Dkt. # 24 at 10. Plaintiff's proposed second amended complaint attempts to cure the deficiencies in her RESPA, cancellation of instruments, and accounting claims, while including new claims for violations of the Fair Debt Collection Practices Act (FDCPA) and negligence. Dkt. #25-2.

Taking the factual assertions, but not legal conclusions, presented in plaintiff's second amended complaint as true, plaintiff refinanced her single-family residence in August 2007 with World Savings Bank (WSB). Dkt. #25-2 at 7. After the origination of plaintiff's loan, WSB sold her loan to another entity [or entities]. Plaintiff alleges that these unknown entities were involved in the securitization of her loan into a Real Estate Mortgage Investment Conduit (REMIC 31 Trust) prior to November 2007. Dk.t #25-2 at 7. However, plaintiff alleges that because her Note and Deed of Trust were assigned to the REMIC 31 Trust, defendant Wells Fargo did not acquire plaintiff's loan when Wells Fargo acquired Wachovia (formerly known as WSB) in October

ORDER DENYING PLAINTIFF'S
REQUEST FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT- 2

2008. As a result, Plaintiff claims that the trustee of the REMIC 31 Trust is the Bank of New York Mellon and not Wells Fargo. Plaintiff therefore alleges that Wells Fargo is not the true beneficiary of her underlying debt obligations. Dkt. #25-2 at 8.

## II. ANALYSIS

### A. Leave to Amend Standard

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a "strong policy in favor of allowing amendment" after "considering four factors: bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994).[1] The underlying purpose of Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). However, if the proposed amendment would be futile (*i.e.*, it would be immediately subject to dismissal if challenged under Rule 12(b)(6)), there is no reason to put defendants through the unnecessary expense and delay of responding to the amendment. Nordyke v. King, 644 F.3d 776, 787 n.12 (9th Cir. 2011).

### B. Plaintiff's Proposed Amendments are Futile

#### 1. Claim for Declaratory Relief

Plaintiff's first "claim" for declaratory relief [2] in relation to violations of TILA appears to be an attempt to recast the unsuccessful TILA claim from her first amended complaint. As the Court already noted, plaintiff's claim is time-barred by the statute's limitations on when an individual can invoke her right of rescission under TILA. Dkt. #24 at 5. Therefore, Plaintiff's

---

[1] The Ninth Circuit also takes into consideration whether plaintiff has previously amended the complaint. Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). Here, plaintiff has amended her complaint once already.

[2] The Court notes that declaratory relief is a remedy, not a freestanding cause of action. *See* Young v. Nw. Tr. Serv., No. C14-1807 MJP, 2015 WL 1062047, at *5 (W.D. Wash. Mar. 11 2015), aff'd 671 F. App'x 1007 (9th Cir. 2016).

ORDER DENYING PLAINTIFF'S
REQUEST FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT- 3

proposed amendment is futile for failure to state a cognizable claim upon which relief can be granted.

**2. Real Estate Settlement Procedures Act (RESPA) Claim**[3]

As the Court previously noted, RESPA empowers borrowers to request "information relating to the servicing of [a] loan" from a mortgage servicer. 12 U.S.C. § 2605(e)(1)(A). When a borrower provides a "qualified written request" (QWR) to the servicer, the servicer must acknowledge the QWR within five days and substantively respond within thirty days. 12 U.S.C. § 2605(e)(1)-(2). A QWR is a written correspondence that "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). A servicer's substantive response must provide contact information for someone who can assist the borrower and inform the borrower why there is no error, why the requested information is unavailable, or what appropriate corrections have been made to the account. 12 U.S.C. § 2605(e)(2). At receipt of a QWR, the servicer "may not provide information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency." 12 U.S.C. § 2605(e)(3).

If a servicer fails to abide by RESPA's requirements, an individual may recover actual damages, additional damages of up to $2,000 in certain circumstances, and costs. 12 U.S.C. § 2605(f)(1), (3). Damages are a necessary element of a RESPA claim. See, e.g., Kitty Yinling Zhang v. Countrywide Home Loans, Inc., 601 F. App'x 567 (9th Cir. 2015).

---

[3] Plaintiff's second amended complaint alleges Wells Fargo violated the RESPA statute, Section 1463 of the Dodd-Frank Act, and RESPA's implementing regulation, commonly called Regulation X. 12 C.F.R. §§ 1024 et seq. Specifically, plaintiff asserts the failure to respond violated "Section 6" of RESPA at 12 U.S.C. § 2605 and "Section 6" of Regulation X. Dkt. 10 at 19-20, ¶ 26. 12 C.F.R. section 1024.6 addresses a special disclosure requirement by lenders to loan applicants. Because the statute defines the rights associated with a qualified written request and a remedy for violation, the Court limits its analysis to the statutory scheme.

ORDER DENYING PLAINTIFF'S
REQUEST FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT- 4

**a.) Damages**

In order to state a RESPA claim plaintiff must allege facts showing both a violation of a RESPA duty and actual pecuniary damages causally connected to the violation. Krasucki v. Nationstar Mortgage, LLC, C15-0229JLR, 2015 WL 11251850 at *4 (W.D. Wash. July 8, 2015). As in her First Amended Complaint (FAC), plaintiff's Second Amended Complaint (SAC) alleges Wells Fargo's "failure to make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of the correction and failure to protect plaintiff's credit rating . . . by furnishing adverse information regarding the ownership of plaintiff's debt obligation and regarding payment to credit reporting agencies." Dkt. #25-2 at 26, ¶ 12. Plaintiff also claims her "pecuniary damages include, but are not limited to, the over calculation and overpayment of interest on plaintiff's loan, the costs of repairing plaintiff's credit, the reduction and/or elimination of plaintiff's credit limits, costs associated with removing the cloud on her property title and attorneys' fees, if any, and cost[s] . . . in excess of $75,000." Dkt. #25-2 at 26, ¶ 13.

In addition to the damages alleged in her FAC, Plaintiff's SAC alleges that as a result of Wells Fargo's actions, "multiple parties may seek to enforce her debt obligation against her, the title to her home had been clouded and its salability rendered unmarketable . . . she has been paying the wrong party for an undetermined amount of time an overpaid interest that was over calculated, she is unable to determine whether she [paid] her monthly payments to the right party prior to October of 2010, her credit scores have been damaged, and she has expended funds to cover the legal fees related to this action." Dkt. #25-2 at 27, ¶15.

Wells Fargo argues that the damages alleged in the SAC continue to be factually and legally insufficient. Specifically, Wells Fargo argues the only discernable difference between the damages alleged in the FAC and SAC is the inclusion of the phrase "multiple parties *may* try to enforce the debt obligation." Dkt. #28 at 6. As a result, the SAC fails to "explain how an alleged

ORDER DENYING PLAINTIFF'S
REQUEST FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT- 5

failure to respond to the QWR caused damages to her credit and any incurred loss." Dkt. #28 at 6.

The Court agrees that plaintiff's allegations of damages remain legally and factually insufficient. Plaintiff's SAC still fails to plead facts that demonstrate how Wells Fargo's alleged failure to respond to her QWR resulted in her alleged damages. Assuming Wells Fargo did not respond, plaintiff does not make clear how that affected her credit history or caused any financial loss. Neither has plaintiff pleaded facts allowing an inference that her account was in error or that Wells Fargo disclosed any overdue payment to a consumer reporting agency in the relevant period. Finally, a purported failure to respond to one letter does not adequately plead a pattern or practice of RESPA noncompliance entitling plaintiff to statutory damages. Accordingly, plaintiff's proposed amendments to her RESPA claim are futile because the claim would be immediately subject to dismissal if challenged under Rule 12(b)(6).

**3. Cancellation of Instruments and Accounting Claims**

Plaintiff seeks a declaratory judgment that Wells Fargo has no interest in the property secured by the August 2007 loan. Dkt. #25-2 at 35, ¶1-5. Plaintiff alleges that when "the loan was sold, pooled and turned into a security . . . such an event would indicate that the alleged holder can no longer claim that it is a real party of interest since the original lender [World Savings Bank] has been paid in full." Dkt. # 25-2 at 29. Plaintiff further alleges that "once the Note was converted into a stock . . . the Note and Deed of Trust became no longer enforceable." Id.

The Ninth Circuit and the Western District of Washington have consistently held that securitization does not void a borrower's debt obligations. Nordeen v. Bank of America (In re Nordeen), 495 B.R. 486, 479 (B.A.P. 9th Cir. 2013) ("The securitization of the loan does not in fact alter or affect the legal beneficiaries standing to enforce the deed of trust."); Young v. Quality Loan Serv. Corp. of Wash., No. C14-1713RSL, 2015 WL 12559901, at 1* (W.D. Wash.

July 7, 2015) ("To the extent the plaintiff intends to argue that the securitization of his mortgage nullified the underlying debt obligation, that argument has been routinely rejected in this district"). The Court therefore finds that the proposed amended cancellation of instruments and accounting claims would be futile.

### 4. Fair Debt Collection Practices Act (FDCPA) Claim

Plaintiff seeks to include a claim that Wells Fargo attempted to fraudulently collect on plaintiff's debt in violation of the FDCPA, 15 U.S.C. §1692(e) . Specifically, plaintiff claims that Wells Fargo has "attempted to collect on the Note under false pretenses, namely that Wells Fargo acquired plaintiff's debt when they acquired Wachovia in 2008 when in fact they did not." Dkt. # 25-2 at 31, ¶ 31. Further, plaintiff alleges that Wells Fargo "falsely represented the status of plaintiff's debt obligation and its agents ability to enforce Plaintiff's debt obligation" in which they have no legal interest.

Plaintiff's FDCPA claim is also based on a theory that plaintiff does not owe a debt to Wells Fargo as a result of the securitization of her loan. As explained above, courts in this district and the Ninth Circuit have held that securitization cannot serve as a basis for an FDCPA claim. Andrews v. Countrywide Bank, N.A., 95 F. Supp. 3d 1298, 1299 (W.D. Wash. 2015) (holding that an FDCPA claim based solely on the theory that securitization extinguished plaintiffs' debt obligations was invalid and subject to dismissal); Nordeen, 495 B.R. at 490 (upholding the dismissal of FDCPA claims based on securitization). Accordingly, plaintiff's additional FDCPA claim is futile because it does not state a claim upon which relief can be granted.

### 5. Negligence Claim

Plaintiff has added a claim of negligence to her SAC. Plaintiff's negligence claim is also based on a theory of securitization and alleges that Wells Fargo was negligent in failing to exercise a reasonable duty of care and skill in accord with federal law regarding the enforcement

of monetary obligations. Specifically, plaintiff alleges that Wells Fargo negligently demanded mortgage payments when it did not have the right to enforce those obligations. Dkt. # 25-2 at 34, ¶ 44.

As with plaintiff's other claims, a negligence claim based solely on securitization is subject to dismissal. Silving v. America's Servicing Co., 552 F. App'x 684, 685 (9th Cir. 2014) (affirming the district court's rejection of a negligence claim based on arguments that various documents are "void"); McCarty v. U.S. Bank, N.A., No.11-5078RBL, 2012 WL 1751791, at *2 (W.D. Wash. May 16, 2012) (dismissing a negligence claim resting on the belief that securitization of a promissory note voids the instrument). The securitization of plaintiff's loan did not void the instrument and therefore Wells Fargo was not negligent by enforcing the obligations secured by the August 2007 loan.

Further, as defendant correctly noted, Wells Fargo owed no independent duty to plaintiff outside the terms of the Promissory Note and Deed of Trust. Under Washington's independent duty doctrine, "an injury is remediable in tort if it traces back to the breach of a tort duty arising independently from the terms of the contract." Schwartz v. World Sav. Bank, No. C11-0631JLR, 2012 WL 993295, at *7 (W.D. Wash. Mar. 23, 2012) (citing Eastwood v. Horse Harbor Found. Inc., 170 Wn.2d 380,(Wash. 2010.) If there is no independent duty outside of of the party's contractual duties, there can be no tort remedy. Id.

Plaintiff alleges Wells Fargo violated the duty of "reasonable care" through its enforcement of the Note and Deed of Trust. Yet none of plaintiff's allegations involve a duty arising independently of the contract. Accordingly, plaintiff's negligence claim fails to satisfy the independent duty doctrine and therefore her proposed amendment is futile.

**C. Failure to Join a Required Party**

Wells Fargo argues that the SAC is futile under Rule 12(b)(7), which allows for dismissal when a party fails to join a required party under Rule 19. Dkt. #19 at 19-21. Though Wells

Fargo raised this argument in its previous motion to dismiss, plaintiff has not responded regarding this issue in her SAC and has not proposed to join any additional parties which may be deemed necessary under Rule 19. However, since her proposed amendments are futile for failure to state a claim, the Court does not reach the 12(b)(7) issue.

### IV. Leave to Amend

Under Rule 15(a) leave to amend should be given freely but need not be granted when the proposed amendment is futile. Universal Mortg. Co., Inc. v. Prudential Ins. Co., 799 F.2d 458, 459 (9th Cir. 1986). Moreover, the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint. Henry v. San Francisco Police Dep't. 668 F. App'x 772, 728 (9th Cir. 2016). The Court has offered the pro se plaintiff multiple opportunities to cure the deficiencies in her complaint. Foman v. Davis, 371 U.S. 178, 182 (1962) (recognizing that leave to amend may be denied due to "repeated failure to cure deficiencies by amendments previously allowed"). Nevertheless, plaintiff has failed to plead claims that are legally cognizable or factually plausible in her proposed second amended complaint. Plaintiff's motion for leave to file a second amended complaint is therefore denied, and her claims are dismissed with prejudice.

### V. CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to file a second amended complaint (Dkt. # 25-2) is DENIED.

Dated this 5th day of June, 2017.

Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S
REQUEST FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT- 9